UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brianna Johnson,

    Plaintiff,

v.                                    **MEMORANDUM OPINION AND ORDER**
                                        Civil No. 16-452 (MJD/TNL)

Admiral Investments, LLC,

    Defendant.

_____

    Darren Brayer Schwiebert, DBS Law, LLC, Counsel for Plaintiff.

    Amy M. Goltz, Gurstel Chargo, P.A., Counsel for Defendant.

_____

## I. Background

Plaintiff incurred a financial obligation in the late 2000s in the form of a credit card account with Wells Fargo Bank, N.A. (Complaint ¶ 6.) Wells Fargo is alleged to have charged off the account on or about August 31, 2010. (Id. ¶ 7.) On the day of the charge off, Wells Fargo reported the balance due on the credit card as $4,953.47. (Id. ¶ 8.)

For several months before the charge off, Wells Fargo ceased adding interest to the outstanding balance. (Id. ¶ 9.) Also, Wells Fargo ceased sending

Plaintiff statements showing the accumulation of interest.  (Id. ¶ 10.)  Following the charge off, no alleged successor of Wells Fargo sent Plaintiff a statement showing the accumulation of interest.  (Id. ¶ 11.)  Wells Fargo and its alleged successors' admissions, acts and omissions establish a waiver of the right to collect interest on the account.  (Id. ¶ 13.)

Defendant Admiral Investments, LLC ("Admiral") acquired this debt in October 2012.  (Id. ¶ 12.)  Thereafter, Admiral began to attempt to collect on the debt.  (Id. ¶ 14.)  Admiral sent Plaintiff a letter dated October 18, 2012 in which it stated that the outstanding balance was $7,385.01.  (Id. ¶ 15.)  Admiral also sent Plaintiff validation documents with a letter dated October 23, 2015. (Id. ¶ 16.)  In this letter, Admiral represented that the outstanding balance, including interest and late charges, was $10,812.27.  (Id.)

On January 10, 2016, Admiral served a state court complaint on Plaintiff. (Id. ¶ 17.)  In the complaint, Admiral alleged that Plaintiff was indebted to Admiral in the amount of $4,953.47.  (Id. ¶ 18.)

On February 23, 2016, Plaintiff filed this action in which she alleges that Admiral has a pattern and practice of making improper attempts to recover from Minnesota consumers post charge-off interest despite the waiver of interest

before Admiral acquired the debt.  (Id. ¶ 19.)  Plaintiff alleges such conduct violates numerous sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), 1692e(5) and 1692e(10) by falsely representing the character, amount or legal status of the alleged debt, threatening to take action that cannot legally be taken and using a false representation or deceptive means to collect a debt.

Plaintiff further alleges that Admiral violated 15 U.S.C. § § 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law.  (Id. ¶¶ 24-26.)

Before the Court is Admiral's motion to dismiss on the grounds the claims are time-barred, that Plaintiff lacks standing and/or fails to state a claim upon which relief may be granted.

## II.     Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court may consider any document that is incorporated in the complaint by reference. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1063, n. 3 (8th Cir. 2005) (court found that examination of a press release was proper in considering motion to dismiss "even though it was not expressly part of the pleadings, because it was incorporated into the pleadings by reference-the complaint specifically mentioned it as a ground for [plaintiff]'s claims against [defendants]).

### III.    Analysis

#### A.    Statute of Limitations

Claims under the FDCPA are subject to a one year statute of limitations. 15 U.S.C. § 1692k(d). Therefore, an FDCPA claim must be brought "within one year

from the date on which a violation occurs." Id.

Admiral argues the statute of limitations bars her claims under the FDCPA. Accordingly, to the extent Plaintiff bases her claim on the initial demand letter dated October 18, 2012, such claim is time-barred. Admiral further argues that to the extent Plaintiff bases her claims on the October 23, 2015 letter, the 2015 letter is merely a new communication concerning an old claim, and therefore cannot be considered a new claim. In support, Admiral cites to the decision in Fraenkel v. Messerli & Kramer, P.A., Civ. No. 04-1072, 2004 WL 1765309 at *4 (D. Minn. Jul. 29, 2004), where the district court found that the claim under the FDCPA accrued on the date the initial demand letter was sent, and that a "new communication" based on the initial communication should not be treated as a new claim.

The Court finds the "new communication" rule has no application in this case. In Boldon v. Riverwalk Holdings, Ltd, Civ. No. 15-2105, 2016 WL 900639, at *3 (D. Minn. Mar. 9, 2016), the district court refused to apply the new communication rule when the new communication was made more than twelve months after the initial communication. Id. In doing so, the court refused to endorse a framework that would allow a debt collector to gain immunity from suit simply "by laying in the weeds until the expiration of the limitations period."

Id; see also Murphy v. MRC Receivables Corp., 2007 WL 148823, at *2 (W.D. Mo. Jan. 12, 2007) (noting that Fraenkel was based on New York decision which specifically limited its holding to the facts before it and that it did not apply to a case where the defendant sent a series of threatening letters, each of which would violate the FDCPA)).  Here, Plaintiff alleges that Admiral sent a letter dated October 23, 2015 in an attempt to collect on the debt, and that the letter violates the FDCPA.  Thus, if the October 2015 letter alone constitutes a violation of the FDCPA, then it would not be time-barred.  However, as discussed below, the Court finds the October 2015 does not state a claim under the FDCPA.

B.     **Failure to State a Claim**

Plaintiff claims that Admiral violated the FDCPA by seeking interest on the debt when the law provides that Admiral is not entitled to seek interest.  In support, Plaintiff cites to the October 23, 2015 letter that was sent to an attorney who was representing Plaintiff.  The letter references the current balance as $10,812.27.  The letter, in its entirety, reads:

> Enclosed please find validation of your client's debt.  If you have any questions please contact one of our collection representatives at 1-877-344-4002.
>
> Thank you for your attention to this matter.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.[1]

The FDCPA was passed in order to "eliminate abusive debt collection practices" by prohibiting the use of "false, deceptive or misleading representations or means in connections with the collection of a debt." Haney v. Portfolio Recovery Assoc., LLC, 837 F.3d 918 (8th Cir. 2016) (citations omitted).

> When evaluating whether a communication is false, deceptive, or misleading, we consider the perspective of an unsophisticated consumer. This standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder. Th[e] standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters. **We do not apply the unsophisticated-consumer standard to communications sent to a consumer's attorney**.

Id. (internal citations omitted) (emphasis added). "Rather, 'a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." Powers v. Credit Mgmt Servs., Inc., 776 F.3d 567, 574 (8th Cir. 2015) (citing Evory v. RJM Acquisitions Funding, LLC, 505 F.3d 769, 774 (7th Cir. 2007)). "Where an attorney is interposed as an intermediary between a debt collector and a

---

[1] Although the letter was referenced in the Complaint, Plaintiff did not attach it to the Complaint. Accordingly, the letter is attached hereto as Exhibit A.

consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." Id. (quoting Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002); see also Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir. 2007) (finding that "Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation to begin with, and that Congress built that differentiation into the statute itself."). Although the Eighth Circuit has not adopted a *per se* rule that any communication to an attorney is not actionable under the FDCPA, it has held that the proper standard to apply to discovery requests sent to a represented debtor during the course of litigation is that of a competent lawyer. Id. at 574.

Applying the competent lawyer standard in this case, the Court finds that the October 23, 2015 letter is not actionable under the FDCPA. The letter refers to the current balance of the debt as $10,812.27, which the Plaintiff alleges is incorrect because Admiral was not legally entitled to seek interest. A competent lawyer would look into whether this amount is correct, and if not correct, would appropriately challenge the amount sought by the debt collector. See Angel v. Am. Recovery Servs., Inc., No. C12-0666, 2012 WL 3594371 at *2 (W.D. Wash. Aug. 22, 2012) (finding that a misrepresentation of fact in a letter directed to

plaintiff's attorney not actionable under the FDCPA); but see Evory, 505 F.3d at 775 (finding a false statement contained in a letter to counsel could be actionable under the FDCPA). Here, the alleged misrepresentation is based on a legal interpretation, and is contained in a letter addressed to Plaintiff's attorney. Under these circumstances, the Court finds such letter cannot form the basis of a claim under the FDCPA.

Accordingly, the Court finds that Plaintiff has failed to state a claim for relief under either Section 1692e or 1692f.

IT IS HEREBY ORDERED that Defendant Admiral Investments, LLC's Motion to Dismiss [Doc. No. 6] is GRANTED. This matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY

Date: February 2, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court